UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER ZIOBRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE HERSHEY COMPANY,<br><br>Defendant | Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff Christopher Ziobro ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Hershey Company ("Defendant") manufactures and promotes Reese's Peanut Butter Cups by enticing consumers "[who] Could Win $25,000" in connection with its eponymous Reese's University.



2. Though beneath the possible prize, the label states, "See Details Inside," entrants are compelled to buy the Reese's to learn more.

3. According to the Federal Trade Commission ("FTC") and Florida Department of Agriculture and Consumer Services ("FDACS"), charging a fee or price to enter a contest is prohibited, because "Real sweepstakes are free and by chance. It's illegal to ask you to pay or buy something to enter."[1]

4. To deter unlawful, harmful and deceptive gambling practices and habits, the law requires a contest to prominently provide an alternate means of entry ("AMOE") without requiring payment.

5. Often referred to as "No Purchase Necessary" or NPN, this option, i.e., to send a postcard with your name and address, distinguishes a legitimate sweepstakes from an unlawful lottery and gambling.

6. Though the "Details Inside" disclose "NO PURCHASE [IS] NECESSARY," learning this requires payment to Hershey via third party retailers selling Reese's Peanut Butter Cups.[2]

> NO PURCHASE NECESSARY. A PURCHASE WILL NOT INCREASE YOUR CHANCE OF WINNING. Open to legal residents of the 50 US/DC, 18 or older (19 AL/NE, 21 MS). Void where prohibited. Athletic ability not required to enter or win a prize. Promotion begins 7/21/2023 at 9:00:00 AM ET and ends at 11:59:59 PM ET on 1/31/2024. Supply of specially marked REESE'S Brand Products with a code or QR code to participate in the promotion is limited and will be available on a first come, first served basis, while supplies last. TO ENTER WITHOUT A PURCHASE, send a 3x5 card or piece of paper with your full name, address, city, state, zip code, date of birth & email address to be received at least 4 days prior to the promotion end date to: Standard Group, Attn: REESE'S University Game Request, 500 East Oregon Road, Lititz, PA 17543, to receive a code via email to enter. TO SEE IF YOU WON A PRIZE: Visit www.ReesesUniversity.com/enroll to complete the registration page and enter the code from wrapper or email. See full Official Rules for details, including odds of winning, instant win details, and all prize descriptions at www.ReesesUniversity.com/enroll. Sponsor: The Hershey Company, 19 E Chocolate Avenue, Hershey, PA 17033.

---

[1] Fla. Admin. Code R. 5J-14.001(2) (listing "material terms in [a] game promotion's rules and regulations" which include "That no purchase is necessary to enter or play the game promotion").
[2] Each set of details refers to the same sweepstakes operated continuously from at least 2022 through the present.

2



7. The operation of this apparently unlawful Reese's University Sweepstakes was first noticed by "MrConsumer," born Edgar Dworsky, on his consumer-oriented websites of ConsumerWorld.Org and MousePrint.Org.[3]



8. Based on Dworsky's significant credibility, contacts and experience in the field of consumer protection, the seemingly unlawful sweepstakes was quickly

---

[3] Edgar (aka MrConsumer), Is Hershey Running an Illegal Sweepstakes?, MousePrint, Oct. 16, 2023; see also ConsumerWorld.Org.

3

covered by national and local news outlets.



9. As "a former Massachusetts Assistant Attorney General in consumer protection" "who has authored a number of consumer protection laws, including the regulations under which the Massachusetts Lemon Law operates, and that state's food store item pricing law," MrConsumer knows a thing or two about deceptive and unlawful practices.[4]

10. With his background and experience in ferreting out "fine print," Dworsky's acolytes "scrutinized the outside of the package looking for the required information on how to enter the sweepstakes without having to make a purchase."

11. However, "There was nothing on the front, the back, the sides, or even under the flap."

12. Only "after the candy was purchased, he got a big surprise when opening the package [because]…INSIDE the package, they disclosed how to enter the

---

[4] https://www.consumerworld.org/pages/edgar.htm

4

sweepstakes without having to make a purchase and provided a website with more information!"

13. A spokesperson for Hershey offered a variety of responses, including (1) the website contains full details of the promotion, (2) some packages have QR codes that link consumers to more information and (3) in-store displays show abbreviated rules for the sweepstakes, including how to enter without making a purchase.

14. However, Dworsky concluded that "in case [readers] were thinking maybe Hershey put these Reese's packages in a special display in stores, and that display disclosed the free way to enter the sweepstakes along with the URL of their special website, that was not the case in the regular candy display at the checkout."



15. This was confirmed by "a spot check of candy displays in multiple states, including California, Virginia and Washington, [which] found no such signs" of an AMOE.

16. Moreover, "packages purchased by an Associated Press reporter at a Michigan drugstore didn't contain QR codes, and the store had no signage explaining the promotion."

17. Florida requires that "The operator of a game promotion shall conspicuously post the rules and regulations of such game promotion in each and every retail outlet." Fla. Stat. § 849.094(3).

18. To further protect Florida consumers, Hershey's was required to file "a copy of the rules and regulations of the game promotion and a list of all prizes and prize categories offered at least 7 days before the commencement of the game promotion." Fla. Stat. § 849.094(3).

19. Additionally, Hershey's was required to "establish a trust account, in a national or state-chartered financial institution, with a balance sufficient to pay or purchase the total value of all prizes offered." Fla. Stat. § 849.094(4).[5]

20. Dworsky interviewed an expert in sweepstakes law who agreed that the failure to provide an AMOE appeared to violate established law.

21. Dworsky emphasized that the "obligation is on the company to disclose to consumers the way to find the free method to enter the sweepstakes, not for buyers to have to go hunting to find it or to have to buy the product."

22. The failure to disclose an AMOE was troubling "because children and

---

[5] This is a non-exhaustive list of requirements.

6

young people are candy buyers and could well be attracted to the cartoon character on the package, the school theme, and the idea of winning money."

23. In "Not knowing the law, they or other impulse purchasers might buy this candy needlessly or repeatedly when they didn't have to."

24. In requiring purchase of the Product and rendering it difficult to impossible for non-purchasers to gain entry to the sweepstakes, purchasers are misled to buying Reese's Peanut Butter Cups they otherwise would not have or paid more money for those they did buy.

25. Even if NPN instructions were inconspicuously buried in fine print on the bottom or back of packages or boxes of Reese's Peanut Butter Cups, they would not be equally prominent to other methods of entry.

26. By placing non-purchasers at a disadvantage relative to purchasers, Reese's University sweepstakes has all the hallmarks of an unlawful gaming contest.

27. According to Consumer World, Hershey "ran the exact same promotion from January through April this year with the same packaging. The problem is that some of those older packages are still for sale indistinguishably intermingled with the new ones but the sweepstakes offer and code inside expired months ago."

28. As a result of the false, unlawful and/or misleading representations and omissions with respect to winning the identified contest, the Reese's Peanut Butter Cups are sold at a premium price, approximately not less than $2.29 per 1.5 oz,

7

excluding tax and sales, higher than similar products, represented in a non-misleading, false and/or unlawful way, and higher than it would be sold for absent the misleading representations and omissions.

## JURISDICTION

29. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

30. The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

31. Plaintiff is a citizen of Florida.

32. Defendant is a citizen of Delaware based on its corporate formation.

33. Defendant is a citizen of Pennsylvania based on its principal place of business.

34. The class of persons Plaintiff seeks to represent includes persons who are citizens of a different state from which Defendant is a citizen.

35. The members of the proposed class Plaintiff seeks to represent are more than one hundred, because the Product has been sold to citizens of this State from thousands of retail stores in Florida such as grocery stores, drug stores, big box stores, warehouse club stores, gas stations, candy stores, convenience stores and online.

36. The Court has jurisdiction over Defendant because it transacts business

within this State by promoting an unlawful lottery to citizens of this State from thousands of retail stores in Florida such as grocery stores, drug stores, big box stores, warehouse club stores, gas stations, candy stores, convenience stores and online.

37. Defendant has committed tortious acts within this State by promoting an unlawful lottery to citizens of this State from thousands of retail stores in Florida such as grocery stores, drug stores, big box stores, warehouse club stores, gas stations, candy stores, convenience stores and online, which is misleading to consumers in this State.

38. Defendant committed tortious acts within this State by promoting an unlawful lottery to citizens of this State and causing injury to consumers, by inducing them to (1) purchase something they may not have otherwise purchased, (2) pay more for something and/or (3) engage in habits and behaviors associated with gambling and lotteries, through buying more "tickets" or in this instance, Reese's Peanut Butter Cups, by regularly doing or soliciting business, or engaging in other persistent courses of conduct to promote its unlawful sweepstakes to consumers in this State, and/or derives substantial revenue from its unlawful sweepstakes in this State.

39. Defendant has committed tortious acts outside this State by designing and implementing an unlawful sweepstakes in connection with promoting

chocolates by enticing purchasers based on their desire to win the prizes through buying more of the Reese's, at higher prices than they otherwise would have paid, such that it expects or should reasonably expect such acts to have consequences in this State and derives substantial revenue from interstate or international commerce.

## VENUE

40. Venue is in this Court with assignment to the Jacksonville Division because Plaintiff is a resident of Flagler County.

41. Venue is in this Court because a substantial part of the events or omissions giving rise to these claims occurred in Flagler County, which is where Plaintiff's causes of action accrued.

42. Plaintiff purchased, was induced to, paid money for or towards, used, and/or consumed the Product, based in part on the chance to win the sweepstakes prize, even though no purchase was necessary to have a chance to win, because this was not disclosed prominently and/or conspicuously, in a manner equivalent to the offer to buy the Product, in Florida.

43. Plaintiff became aware the sweepstakes promotion was false, unlawful and/or misleading in Flagler County.

## PARTIES

44. Plaintiff Christopher Ziobro is a citizen of Flagler County, Florida.

45. Defendant The Hershey Company is a Delaware corporation with a

principal place of business in Pennsylvania.

46. Defendant owns the Reese's brand of chocolate peanut butter candy and its flagship Peanut Butter Cups.

47. For decades, Reese's Peanut Butter Cups, and the Hershey's brand, have been the epitome of wholesomeness.

48. This is based, in part, on the legacy of founder Milton Hershey.

49. Hershey was an honest, religious and God-fearing man, who looked after the poor and downtrodden.

50. Significantly, Hershey was a member of Pennsylvania's Mennonite community.

51. Mennonites reject gambling as inconsistent with their religious teachings and characterize it as the type of "worldly amusement" they seek to avoid.

52. One Mennonite pastor "called gambling a form of greed that leads to addiction."

53. Mennonites even seek exemptions from buying car insurance, considering it akin to gambling about whether they would be in a car accident.

54. Plaintiff read and relied on the labeling and omissions identified here about the prizes and ability to enter the Reese's University Sweepstakes.

55. Plaintiff did not see an AMOE.

56. Plaintiff purchased the Product between 2022 and October 2023, at drug

stores, grocery stores, convenience stores, gas stations and/or big box stores in Flagler County.

57. Plaintiff bought the Product more times than he otherwise would have and/or paid more for it, in relation to itself and the above-referenced price, because he wanted to increase his chance of winning.

58. Plaintiff did not know that no purchase was required to enter the Reese's University Sweepstakes nor that the promotion was inconsistent with the law.

59. Had Plaintiff known that no purchase was necessary and if an AMOE was prominently and conspicuously disclosed, he would not have bought it, would have bought fewer, and/or would have paid less.

## CLASS ALLEGATIONS

60. Plaintiff seeks to represent the following class:

> All persons in the State of Florida who purchased the Product in Florida during the statutes of limitations for each cause of action alleged.

61. Common questions of issues, law, and fact predominate and include whether Defendant's representations and omissions with respect to its sweepstakes were and are unlawful, false and/or misleading and if Plaintiff and class members are entitled to damages.

62. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, unlawful, misleading, and deceptive

12

representations, omissions, and actions.

63. Plaintiff is an adequate representative because his interests do not conflict with other members.

64. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

65. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

66. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## CAUSES OF ACTION

### COUNT I
### Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq*.

67. Plaintiff incorporates by reference paragraphs 1-39.

68. The purpose of FDUTPA is to protect consumers against unfair, unlawful and deceptive practices.

69. Plaintiff purchased the Product in part based on its inducements about winning the Reese's University Sweepstakes and the absence of a prominent and/or conspicuous AMOE.

70. Plaintiff would not have bought it, would have bought fewer, and/or would have paid less for what he did buy, if he knew no purchase was necessary to

enter.

71. Plaintiff did not expect that no purchase was necessary to participate to win, because this was not prominently and/or conspicuously disclosed.

72. Upon information and belief, Defendant has not complied with this State's requirements for running a sweepstakes, i.e., notification to the relevant state agencies, establishment of appropriate trust accounts, etc.

73. The failure to conspicuously provide an AMOE was unfair to consumers who were induced to buy the Product or pay more for it, who sought to win.

74. Plaintiff seeks to recover for economic injury and/or loss he sustained based on the misleading and/or unlawful sweepstakes promotion, by paying more for it than he otherwise would have as a result of failing to disclose an AMOE.

75. Plaintiff will produce evidence showing how he and consumers paid more than they otherwise would have paid due to the absence of a prominent AMOE, using statistical and economic analyses, hedonic regression, and other advanced methodologies.

76. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

## COUNT II
### False and Misleading Adverting, Fla. Stat. § 817.41

77. Plaintiff incorporates by reference paragraphs 1-39.

78. Defendant made misrepresentations and omissions of material fact, that the only way to enter the sweepstakes was to purchase the Product.

79. Defendant's false, unlawful and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

80. Plaintiff would not have bought the Product, would have bought fewer, and/or would have paid less, if he knew no purchase was necessary to enter.

81. Defendant knew its statements and omissions to see the details inside about the contest were unlawful, false and/or misleading because it did not provide a prominently displayed AMOE.

82. Defendant intended for consumers to rely on its false statements and omissions that the only way to enter was to buy the Product, even though no purchase was necessary.

83. Plaintiff and class members did in fact rely upon these statements and omissions.

84. Reliance was reasonable and justified because of the honest reputation of Hershey's and the Reese's brand, for almost a century.

85. As a result of Defendant's misrepresentations and omissions, Plaintiff and class members suffered damages in the amount paid for the Product and/or the premium amount paid, under the belief that the only way to enter the contest was through buying it, even though no purchase was necessary.

## COUNT III
### Unjust Enrichment

86. Plaintiff incorporates by reference paragraphs 1-39.

87. Defendant's unlawful sweepstakes generated increased revenues and sales.

88. Equity and good conscience prohibit Defendant from retaining its excess monies obtained as a result of its unlawful sweepstakes.

## JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary and/or statutory damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   October 24, 2023

                            Respectfully submitted,

                            /s/ William Wright
                            The Wright Law Office, P.A.
                            515 N Flagler Dr Ste P300
                            West Palm Beach FL 33401
                            (561) 514-0904

willwright@wrightlawoffice.com

*Notice of Lead Counsel Designation:*

*Lead Counsel for Plaintiff*

William Wright

Sheehan & Associates, P.C.
Spencer Sheehan*
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

James Chung*

**Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff*